Thomas WATSON et al., Plaintiffs,

v.

CUDAHY COMPANY, a Maine corporation, and Local 85, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO, formerly Local 85, United Packinghouse, Food and Allied Workers, AFL–CIO, Defendants.

Civ. A. No. C–1157.

United States District Court,
D. Colorado.

April 27, 1970.

Walter C. Brauer, III, Denver, Colo., for plaintiffs.

Grant, Shafroth, Toll & McHendrie, by Frank H. Shafroth, Denver, Colo., for defendant Cudahy Co.

Cotton, Watt, Jones & King, by Irving M. King, Chicago, Ill., and Philip Hornbein, Denver, Colo., for defendant Local 85, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the Court again on a motion to dismiss. This time defendant Local 85, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO, asks either for dismissal or for an order requiring arbitration of the dispute. We have heard argument of counsel, read the cases cited, and are fully advised in the premises.

This matter has been before us twice previously on defendants' motions to dismiss. We granted the first motion because plaintiffs had failed to adequately plead either that they had exhausted their contractual remedies in this dispute or that they were not required to

do so in order to comply with Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), under which this action is brought. Plaintiffs filed an amended complaint and defendants again filed a motion to dismiss, charging that plaintiffs still had failed to allege exhaustion. We found that plaintiffs were excepted from pleading exhaustion because they alleged that the defendant union had wrongfully prevented plaintiffs from exercising their procedural rights under the collective bargaining agreement and because an effort by them to proceed formally with the contractual remedy would be wholly futile. *See* Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and Glover v. St. Louis-San Francisco Ry., 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). We further found that this is a proper case for declaratory relief under Section 301 of the Labor Management Relations Act.

Following the second ruling defendant union offered on several occasions to submit the matter to arbitration "in accordance with the collective bargaining agreement." The union further offered to allow plaintiffs to be represented at such an arbitration by counsel. Plaintiffs have refused to submit the matter to arbitration.

The first question presented by the motion currently before us is, in essence, whether the defendant union can secure dismissal of plaintiffs' complaint by reversing its previous position of refusal to arbitrate the dispute. Further, even if the complaint should not be dismissed, would it be proper for the Court, after plaintiffs have pursued their legal remedy by bringing this action, to order that they revert to the arbitration clause of the collective bargaining agreement which they previously unsuccessfully pursued. Our problem is made particularly difficult by the union's willingness to allow plaintiffs to be represented at such an arbitration proceeding by their own counsel.

■ The initial problem with defendant's offer is that the union has already made its position clear. This dispute involves certain continuous service bumping rights claimed by these plaintiffs. The union seeks one result, plaintiffs seek another. Plaintiffs have alleged that because of these conflicting interests, the union has already wrongfully refused to take their grievance to arbitration. If plaintiffs can prove the allegations made in their complaint, they will have shown, we think, that the union has breached its statutory duty of fair representation. *See* O'Mara v. Erie Lackawanna Railroad Company, 407 F. 2d 674 (2d Cir. 1969), involving "political discrimination" under the Railway Labor Act. The case is thus one over which this Court has jurisdiction, Vaca v. Sipes, *supra*, and the complaint should not be dismissed.

■ Nor do we think plaintiffs should be ordered to arbitrate the dispute. We of course recognize the longstanding policy favoring arbitration of labor disputes. *See* The Steelworkers Trilogy, United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960). But that policy was developed in, and applies directly to, a specific context. That context is one in which there are two distinct, clearly defined, adverse interests involved. Arbitration machinery is established in this context. Arbitration is a creature of this continuing need to resolve disputes between labor on one side and management on the other side. Fair resolution of these particular types of disputes is the expertise of the arbitrator. Arbitration proceedings are further characterized by representation of each side by skilled and experienced advocates. The contest is at arm's length. It is this system, arising in this context, which has developed a reputation for fair results which promote the common inter-

ests of the parties. *See* The Steelworkers Trilogy, *supra*.

Defendants attempt to convince us that the arbitration system is constructed to resolve all disputes involving labor unions. We are not so persuaded. Problems such as that presented by the case now before us do not so readily lend themselves to resolution by the established methods. The labor-management context is not presented. Rather, labor and management are on the same side of this dispute, though management may be there only nominally, and a small group of individual employees is on the other side. The individuals do not have the same expertise and experience in the arbitration system as do both organized labor and management. The questions presented in such a situation may involve different considerations and may require a different weighing process. In short, the adversaries are not equal.

A most important consideration involved here is that labor and management have already agreed on the individual who would conduct this arbitration. The collective bargaining agreement in question names the person who is to be the arbitrator of all disputes which arise under the agreement. He is selected and paid by agreement of labor and management. Presumably they both have confidence that he is fair, expert, and will further their common interests. The individual plaintiffs in this action had no choice in this selection, other than through their union representative, who is now their adversary.

This is not, of course, to say that the deck is stacked, or that the arbitrator would be anything but absolutely fair to both sides in deciding the questions which must be resolved. We mean in no way to impugn his integrity. Rather, our view is that he ought not to be placed in this difficult position, open to the charge that he is interested in the outcome. We think that the integrity of the long-established process of labor arbitration would best be served by avoiding any possible charge of bias. It is upon a reputation of independence that the system of labor arbitration has been so successful in dealing with labor disputes, and it is that reputation and that system which we hope to serve by not allowing the question presented by plaintiffs in this action to go to the arbitrator established under the collective bargaining agreement in question.

This decision is not an easy one. We have no desire to extend the jurisdiction of the Court in the field of labor law. But we think that the peculiar situation presented here, where the adverse parties to the arbitration are not the parties who agreed upon the particular arbitrator, requires that plaintiffs have this Court as a forum. It is therefore

Ordered that defendant union's motion to dismiss or, alternatively, for an order requiring arbitration be and the same hereby is denied.